IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROSENDO MANFREDO MARTINEZ,

                       Petitioner,

v.                                                       ORDER

WARDEN E. EMMERICH and THE BOP,            25-cv-158-jdp

                       Respondents.

---

       Petitioner Rosendo Manfredo Martinez filed an emergency petition for writ of habeas corpus under 28 U.S.C. § 2241, to which the court may apply the Rules Governing § 2254 Cases (Section 2254 Rules). Rule 1(b), Section 2254 Rules. Under those Rules, as relevant here, a habeas petition must substantially follow the form that a local district court prescribes. *See* Rule 2(d), Section 2254 Rules.

       This court uses a standard form for § 2241 petitioners who are proceeding without counsel. Among other things, that form requires a *concise* statement of each ground for relief and a *brief* summary of the *facts* supporting each ground. Citations to cases or law should primarily be located in a separate legal memorandum.

       Martinez filed his emergency petition on the form, to which he attached supplemental pages. But Martinez hasn't provided a concise statement of his grounds for relief or a brief summary of facts support each ground. Martinez's supplemental pages are in substance a legal memorandum. Martinez also filed a separate legal memorandum. Dkt. 2. The court's form allows him to do that, but the combined length of the supplemental pages attached to the form and the separate memorandum is 33 pages, which is excessive considering the number and complexity of the issues in this case. The court has inherent powers to manage its docket in a

way to "achieve the orderly and expeditious disposition of cases," *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016), which includes the power to impose reasonable page limits on legal briefs, *see Lue v. JPMorgan Chase & Co.*, 768 F. App'x 7, 9 (2d Cir. 2019). Some of the arguments in the legal memorandum (in particular ground three) are not fully clear, and its excessive length has contributed to this problem.

Therefore, the court will order Martinez to file an amended petition on the court's form. Martinez must:

- Fill out the form completely;
- Concisely state each ground on which he seeks relief; and
- Briefly summarize the facts supporting each ground.

If Martinez seeks additional space to allege more *facts* to support his claims, he may submit a maximum of five (5) supplemental pages with the form. Martinez may also submit a separate legal memorandum not to exceed fifteen (15) pages. Any text or handwriting on the form or a supplemental page, or in a separate memorandum, must not be excessively small and must contain enough space between lines and in the margins to ensure legibility. The spacing and text size in Martinez's supplemental pages and separate memorandum meet this requirement.[1]

---

[1] Martinez alleges that the BOP has unlawfully refused to apply 450 earned-time credits under the First Step Act to his sentence. If the BOP applied these credits to his sentence, he wouldn't be entitled to immediate release because his release date is February 21, 2027. Martinez should not have filed the emergency petition as an emergency.

ORDER

IT IS ORDERED that:

1. Petitioner has until April 16, 2025 to file an amended habeas petition in accordance with this order.

2. The clerk of court is directed to send petitioner a copy of the court's pro se form for § 2241 cases.

Entered March 17, 2025.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge