IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROSENDO MANFREDO MARTINEZ,

                    Petitioner,

    v.

WARDEN E. EMMERICH and THE BOP,

                Respondents.

OPINION and ORDER

25-cv-158-jdp

---

Petitioner Rosendo Manfredo Martinez, proceeding without counsel, seeks emergency relief under 28 U.S.C. § 2241. Dkt. 1. Manfredo Martinez contends that he's entitled to earned-time credit under the First Step Act (FSA) that, if applied, would result in immediate release to immigration officials.

Respondent argues that the FSA prohibits the Bureau of Prisons from applying Manfredo Martinez's earned-time credit to his sentence because he's the subject of a final order of removal. Dkt. 12. Respondent's evidence shows that Manfredo Martinez is the subject of a final order of removal, so I will deny the petition.

BACKGROUND

On September 28, 2006, Manfredo Martinez, who also goes by Pastor Alberto Cartagena-Hernandez, entered the United States without a valid entry document. Dkt. 13-11 at 2. Two days later, immigration officials issued a notice and order of expedited removal pursuant to 8 U.S.C. § 1225(b)(1), finding that Manfredo Martinez was inadmissible and ordering his removal from the United States. *Id.* Manfredo Martinez was removed from the

United States in March 2015, but he later illegally reentered the United States on an unknown date. Dkt. 13-13 at 2.

Manfredo Martinez is serving a 120-month sentence based on a 2020 conviction in the Southern District of Texas for conspiracy to possess with intent to distribute five kilograms or more of cocaine. Dkt. 13-2 at 2–3. Manfredo Martinez is incarcerated at FCI-Oxford and has a release date of February 21, 2027.

On June 27, 2025, the Department of Homeland Security served a notice of intent to reinstate the September 2006 expedited order of removal on Manfredo Martinez, which he refused to sign. Dkt. 13-13 at 2. Later that day, a supervisory immigration officer reviewed all the evidence and the administrative file and reinstated the September 2006 expedited order of removal. *Id.*

ANALYSIS

The FSA contains a provision establishing a "risk and needs assessment system" allowing prisoners who successfully participate in evidence-based recidivism reduction programming or productive activities to earn credits to be applied toward time in prerelease custody or supervised release. *Nelson v. Keyes*, No. 22-cv-731-wmc, 2023 WL 4496766, at *1 (W.D. Wis. June 6, 2023) (citing 18 U.S.C. § 3632(d)(4)(A)). But the FSA prohibits the BOP from applying earned-time credit toward prerelease custody or supervised release if the prisoner is "the subject of a final order of removal under any provision of the immigration laws." 18 U.S.C. § 3632(d)(4)(E)(i); *see also* 28 C.F.R. § 523.44(a)(2).

In his reply, Manfredo Martinez doesn't dispute that the 2006 expedited order of removal is final, but he contends that it didn't become final until immigration officials

reinstated it in June 2025. Manfredo Martinez contends that the FSA does not bar BOP officials from applying to his sentence time credit that he earned before June 2025.

This contention lacks merit. "When someone reenters the United States without authorization after a prior removal, the prior order of removal is reinstated *from its original date* and is not subject to being reopened or reviewed." *Casas v. Garland*, 47 F.4th 548, 551 (7th Cir. 2022) (emphasis added) (citing 8 U.S.C. § 1231(a)(5)). Manfredo Martinez hasn't argued that the government failed to meet the requirements for reinstatement and, even had he, I would not have jurisdiction to hear that argument. *See Lemos v. Holder*, 636 F.3d 365, 366 (7th Cir. 2011) ("Reinstatement of an old removal order is reviewable in a court of appeals under 8 U.S.C. § 1252.").

Manfredo Martinez contends in his petition that he's not the subject of a final order of removal because he has requested withholding of removal. Dkt. 2 at 10. Manfredo Martinez appears to have abandoned this argument; he concedes in his reply that the September 2006 expedited order of removal became final upon reinstatement. In any case, this contention lacks merit. In streamlined immigration proceedings, "the order becomes final immediately upon issuance." *See Riley v. Bondi*, 145 S. Ct. 2190, 2198 (2025); *see also Ordonez Rivera v. Emmerich*, No. 24-cv-675-wmc, 2025 WL 1859161, at *2 (W.D. Wis. June 12, 2025) ("[O]rders of expedited removal entered by an immigration officer under [§ 1225(b)(1)] and approved by a supervisor are considered final.").

The evidence shows that Manfredo Martinez is the subject of a final order of removal. The FSA thus prohibits the BOP from applying his earned-time credits to his sentence. I will deny the petition.

ORDER

IT IS ORDERED that:

1.  Petitioner Rosendo Manfredo Martinez's emergency petition, Dkt. 1, is DENIED.

2.  The clerk of court is directed to enter judgment and close the case.

Entered August 21, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

4